**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DERRICK R. THIGPEN,**

       **Petitioner,**

**v.**                              **Civil Action No. 3:06cv1**
                                        **(Judge Broadwater)**

**JOYCE FRANCIS,**

       **Respondent.**

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR DEFAULT JUDGMENT

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On January 23, 2006, Respondent was directed to show cause why the petition should not be granted, thereby making a response due on February 23, 2006. On March 16, 2006, Respondent filed a Motion for Extension of Time to Respond to Court Order to Show Cause. In the motion, Respondent states that she received from Petitioner, a copy of a Motion for Default Judgment. However, Respondent asserts that she never received a copy of the Court's Show Cause Order.[1] Thus, Respondent sought additional time to file a response.

On March 17, 2006, the Court received a copy of Petitioner's Motion for Default. In the motion, Petitioner asserts that he is entitled to default judgment because the respondents failed to timely file a response to the petition and failed to request additional time to do so.

On April 17, 2006, Respondent filed a response to the petition and on May 2, 2006, the Court found good cause for granting an extension and deemed the response timely filed.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against

---

[1] The docket sheet supports this claim as it does not reflect that the Show Cause Order was ever sent to the United States Attorney's Office, either electronically or by regular mail.

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default." However, "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed.R.Civ.P. 55(e).

In this instance, the Court has found good cause for Respondents initial failure to timely respond to the Court's Show Cause Order and has therefore, deemed the response filed on April 17, 2006, timely. Accordingly, the undersigned recommends that the petitioner's Motion for Default Judgment (dckt. 6) be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: August 30, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

2