IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DERRICK R. THIGPEN,**

    **Petitioner,**

    **v.**                                          **CIVIL ACTION NO. 3:06cv1**
                                                          **(Judge Bailey)**

**JOYCE FRANCIS,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On January 3, 2006, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. The petitioner, an inmate at the Gilmore Federal Correctional Institute, is challenging the validity of his conviction and sentence from the United States District Court for the Eastern District of Virginia. On, January 23, 2006 an order was entered directing the respondent to show cause why the petition should not be granted. On April 17, 2006, the respondent filed his response to the order to show cause. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. PROCEDURAL HISTORY

On January 16, 2001, the petitioner entered a guilty plea to one count of conspiracy to distribute and possess with intent to distribute cocaine, crack and heroin in violation of Title 21 U.S.C. § 841(a)(1) and 846. On May 1, 2001, the United States District Court for the Eastern District of Virginia sentenced him to a term of 110 months with five years supervised release and a $100 special assessment. The petitioner did not appeal his sentence. On March 3, 2005, he filed a Motion to

1

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On March 15, 2005, the district court denied the motion as time-barred by the one year limitations period. On March 24, 2005, the petitioner filed a notice of appeal. On June 14, 2005, the district judge denied petitioner's motion for certificate of appealability. On September 20, 2005, the U.S. Court of Appeals denied a certificate of appealability and dismissed the petitioner's appeal . (See Criminal Docket for case # 2:00-cr-00162-RGD-6).

Petitioner thereafter filed his instant petition pursuant to 28 U.S.C. § 2241. The petitioner makes the following arguments in support of his application for habeas relief:

1. § 2255 is inadequate and ineffective with respect to his case because the District Court and the Fourth Circuit Court of Appeals refused to apply Booker;

2. § 2255 is inadequate and ineffective with respect to his case because a valid claim of subject matter jurisdiction can be brought at any time;

3. § 2255 is inadequate and ineffective with respect to his case because of his "actual/ legal innocence of drug amount not included in the Indictment and Plea Agreement;"

4. § 2255 is inadequate and ineffective with respect to his case because it did not correct an illegal unconstitutional conviction and sentence.

### III. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions

taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his "void" sentence. Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 1194.

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

There is nothing in the petitioner's §2241 petition which demonstrates that he meets the Jones requirements. The petitioner was convicted of violating 21 U.S.C. § 846. Such action remains a criminal offense. Consequently, the petitioner has not demonstrated that §2255 is an adequate or

3

ineffective remedy, and he has improperly filed a §2241 petition.

Furthermore, even if § 2241 were an appropriate procedural remedy for the petitioner to use to set aside or correct his sentence, he still would not be entitled to relief. The petitioner's primary argument appears to be that his sentence should be modified in light of the decision rendered in United States v. Booker, 453 U.S. 220 (2005). In Booker, the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. However, the rule announced in Booker does not apply retroactively to cases on collateral review. United States v. Morris, 429 F.3d 65 (2005). Because petitioner's sentence was final long before Booker was decided, he is not entitled to any relief from that decision.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Dckt. 1) be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §

636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED:  September 10, 2007

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE