# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DERRICK R. THIGPEN,**

    **Petitioner,**

**v.**                                                    **Civil Action No.  3:06CV1**
                                                                    **(BAILEY)**

**JOYCE FRANCIS, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 14) and the petitioner's corresponding objections (Doc. 16).  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to *de novo* review is waived.  **See *Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected.  The remaining portions of the report and recommendation will be reviewed for clear error.  As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 14) should be, and is,**

**ORDERED ADOPTED**.

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2241 are as follows. On January 16, 2001, petitioner pled guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine, cocaine base, and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. As a result, petitioner received a 110 month term of incarceration with five years of supervised release to follow on May 1, 2001. The petitioner did not appeal this sentence. Subsequently, on March 3, 2005, the petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. However, the court denied petitioner relief because the one year limitations period had passed. Thereafter, petition unsuccessfully attempted to obtain a certificate of appealibility, first from the district court and later from the United States Court of Appeals for the Fourth Circuit.

On January 1, 2006, the plaintiff filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). In the petition, plaintiff asserts that his prior petition brought under 28 U.S.C. § 2255 was inadequate and ineffective, thereby making his challenge to validity of his sentence appropriate under § 2241. Specifically, petitioner contends that the prior § 2255 challenge was inadequate and ineffective because imposition of his sentence is contrary to the principles announced by the Supreme Court in ***United States v. Booker***, 453 U.S. 220 (2005), because a valid claim for lack of subject matter jurisdiction can be brought at any time, because he is innocent, and because the § 2255 challenge was unsuccessful. In response, the respondent contends that dismissal is warranted because the petitioner has failed to meet the requisite showing to proceed

under § 2241. In the alternative, the respondent argues that even is petitioner be allowed to proceed under § 2241, dismissal is proper because *Booker* does not apply retroactively.

Upon consideration, the Magistrate Judge found that the petitioner failed to show that his prior § 2255 proceeding was inadequate and ineffective, and therefore, could not challenge the validity of his sentence under § 2241. In response, petitioner objects that it was improper for the Magistrate Judge not to consider his petition under § 2241. Further, petitioner contends that he is not making an argument under *Booker* despite maintaining that the district court lacked jurisdiction to determine relevant conduct in excess of the amount charged in the indictment and despite arguing that the mandatory nature of the sentencing guidelines offends due process.

As properly noted by the Magistrate Judge, while § 2255 and § 2241 both provide mechanisms for a federal prisoner to challenge his detention, these mechanisms are not interchangeable. Further, the law is clear that while § 2255 is the appropriate avenue to challenge the validity of detention, § 2241 is intended as a means to challenge the execution of the sentence. *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *see In re Jones*, 226 F.3d (4th Cir. 2000). Despite this distinction, a validity challenge brought under § 2241 will be allowed where § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *In re Veil*, 115 F.3d 1192, 1194 (4th Cir. 1997). Under Fourth Circuit law, § 2255 will be deemed inadequate and ineffective only when:

> (1) at the time of the time of the conviction, settled law of this circuit or the Supreme Court established the legality of conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provision of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34.

As indicated by the Magistrate Judge, the petitioner has failed to make this showing Therefore, consideration of the petition under § 2241 is improper because § 2255 does not, and did not, constitute an inadequate or ineffective test of the validity of petitioner's sentence. For the foregoing reasons, and those more fully contained in the Report and Recommendation (Doc. 17), the Court hereby **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation (Doc. 14) is ADOPTED**; and that

2. **The Petition for Writ of Habeas Corpus (Doc. 1) is DENIED .**

As a final matter, it is **ORDERED** that this case be **CLOSED** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated this 19th day of May, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE